IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD A. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-0883-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Richard A. Wright seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

Plaintiff filed his applications for benefits on August 19, 2005. He alleges an onset date of disability of May 30, 2003. Plaintiff's applications were denied initially on November 1, 2005. Thereafter, he filed a request for a hearing, which was held on August 27, 2008. The Administrative Law Judge (ALJ) found that plaintiff was not disabled, as defined by the Social Security Act, and denied plaintiff's applications for disability insurance. The Appeals Council denied review of the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The parties' briefs are fully submitted, and an oral argument was held on November 1, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Richard A. Wright was 35 years of age at the time of his alleged onset of disability. He has a tenth-grade education, and has completed his GED. Plaintiff went to college and received a certificate in electrical wiring. He has not been substantially gainfully employed since his alleged onset date of May 30, 2003. Plaintiff's work record shows he has had 22 different employers in 21 years. He had no earnings in nine of those last 21 years. Plaintiff has had annual earnings of more than $10,000 for only two years after the age of 21.

Plaintiff's complaint alleges he became disabled at the age of 35 after a motor vehicle accident and that he is disabled due to depression, anxiety, back pain and diabetes. The ALJ found that plaintiff had the severe impairments of degenerative disc disease, headaches, depressive disorder, and insulin-dependent diabetes mellitus. In considering plaintiff's impairments, the ALJ found that the evidence in the record supported that plaintiff retained the residual functional capacity (RFC) to perform his past relevant work as a lubrication technician and, therefore, was not disabled. The ALJ found that plaintiff retained the capacity to lift and carry fifty pounds occasionally and 25 pounds frequently; could sit for eight hours and stand or walk for a total of six hours in an eight-hour work day; could occasionally stoop, crouch, kneel, crawl and climb ramps and stairs, but should avoid climbing ladders, ropes and scaffolds, and working at unprotected heights, around dangerous machinery, or where there would be concentrated exposure to cold temperatures and vibration; could follow simple, low-end instructions, but would be limited to superficial interaction with the general public and limited interaction with coworkers and supervisors. Relying on the vocation expert, the ALJ found that plaintiff was capable of performing his past relevant work as a lubrication technician.

Plaintiff alleges the ALJ erred in determining his RFC, and that the Appeals Council did not properly consider the opinion of plaintiff's treating doctor. The Commissioner argues that the ALJ's opinion and the decision of the Appeals Council are supported by substantial evidence in the record.

Upon review, this court finds that the ALJ properly considered all the evidence of record, including plaintiff's work history, daily activities, and extensive medical evidence in determining plaintiff's RFC. See Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (citing Roberts v.

3

Apfel, 222 F.3d 466, 469 (8th Cir. 2000)).  See also 20 C.F.R. § 404.1545.  The ALJ thoroughly discussed and gave substantial consideration to the medical evidence.  See Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003) (RFC must be based on all relevant evidence; however, it is predominantly a medical question).  The ALJ properly noted the lack of medical evidence showing plaintiff had limitations because of his impairments.  The ALJ also properly considered plaintiff's lack of compliance with medical recommendations.  The ALJ appropriately considered the opinion of Dr. Breckenridge, who provided a mental consultive evaluation which found that plaintiff was mildly-to-moderately depressed but saw himself as more mentally dysfunctional than he actually was.  The ALJ also appropriately considered the consultative opinion of Dr. Lee, who found that plaintiff had mildly decreased bilateral lower extremity strength, but noted there was no objective medical evidence to show the level of disability alleged by the plaintiff, and noted the lack of effort by the plaintiff during the physical and mental evaluations.  Also properly considered were the treatment notes and evaluation notes from Tri-County Mental Health Services, which showed some limitations, but not severe impairments.  The consistently low Global Assessment Functioning (GAF) scores noted in the records of Tri-County are not dispositive.  GAF scores must be assessed with the totality of evidence in the record.  Here, the GAF scores are contrary to substantial evidence in the record and, therefore, should be given little, if any, weight.  See Halverson v. Astrue, 600 F.3d 922, 930-31 (8th Cir. 2010) (Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs and case law supports that the ALJ need not rely on GAF scores where such scores are contrary to the substantial evidence in the record).  Based on the foregoing, this Court finds substantial evidence in the record to support the ALJ's RFC determination for plaintiff.

As for the evidence submitted to the Appeals Council in November 2008 from Dr. Pipergerdes, a treating physician of the plaintiff, the Appeals Council properly considered the evidence and determined that the ALJ's decision was supported by substantial evidence in the record as a whole, including the new evidence from Dr. Pipergerdes.  See Davidson v. Astrue, 501 F.3d 987, 900 (8th Cir. 2007).  The checkbox form submitted by Dr. Pipergerdes does not suggest that the ALJ's assessment was not supported by substantial evidence.  Dr. Pipergerdes' supplemental opinion submitted to the Appeals Council provided no narrative statement or

objective medical evidence to indicate why he opined that plaintiff would be unable to complete a full workday or workweek because of mental impairments.  Further, Dr. Pipergerdes' treatment notes are inconsistent with the "marked" limitations indicated for plaintiff on the checkbox form that was submitted.  See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion).

Moreover, although Dr. Pipergerdes' opinion was not before the ALJ, it is mostly consistent with the ALJ's findings.  The ALJ's RFC specifically takes into account plaintiff's moderate difficulties in social functioning and mild-to-moderate difficulties in concentration, persistence or pace.  The ALJ's RFC determination was also consistent with Dr. Pipergerdes' opinions as to those limitations of plaintiff he believed were "marked."  The ALJ included in the RFC a limitation to simple or low-ended detailed instructions.

## Conclusion

After reviewing the record, the Court finds the ALJ did not err in determining plaintiff is not disabled within the meaning of the Social Security Act.  There is substantial evidence in the record as a whole for the ALJ to have concluded that plaintiff had the ability to do his previous relevant work.  The ALJ's decision and that of the Appeals Council are supported by substantial evidence in the record as a whole.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 1st day of December, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

5

Case 4:10-cv-00883-MJW   Document 20   Filed 12/01/11   Page 5 of 5